UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

LMG Rhode Island Holdings, Inc.

    v.                                     Case No. 18-cv-297-SJM-AKJ

Rhode Island Superior Court,
Providence County;
Hon. Netti C. Vogel; and
Eugene J. McCaffrey, III

**O R D E R**

The plaintiff newspaper's (the "Journal") motion to alter the judgment reargues that which was previously asserted and considered, and fails to identify any manifest errors of law or fact necessary to the order of dismissal, nor has it presented any newly discovered evidence of any significance.

But, to repeat and, perhaps, clarify: "In light of the circumstances presented, the Journal has failed to persuade the court that issuance of a 'declaratory judgment' (in the nature of [prospective] injunctive relief) against a sitting Rhode Island state court judge would constitute either a necessary or appropriate exercise of this court's discretion." Order of Dismissal (document no. 27), at 6.

1

Declaratory relief is intended to define legal rights with respect to present and future conduct. See e.g., Johnson v. McCuskey, 72 Fed. Appx. 475, 477 (7th Cir. 2003); Aldrich v. Considine, 2013 WL 4679722 at 7 (D. Mass Aug. 29, 2013) (collecting cases). Declaratory relief is not meant to reach past conduct.

Here, the Journal easily could have sought federal relief in a timely manner when it thought its rights to juror access were being infringed, but it failed to do so. It did not file its federal complaint in this case until after the perceived infringement was fully abated, and, indeed, until after the Journal already had access to the jurors at issue. That is, the state court orders about which it complains had already been rescinded before the Journal sought federal relief from those very orders. (As noted in its federal complaint, the Journal filed an earlier suit in state court raising similar or related issues, but voluntarily dismissed that suit without prejudice before filing the complaint in this court.)

While the Journal now seems to be denying that it seeks declaratory relief sounding like prospective injunctive relief, that is precisely what the complaint, fairly read, seeks. The complaint seeks a declaration that "post-verdict, in the absence

of a compelling government interest demonstrated by specific, on-the-record factual findings, Judge Vogel may not prohibit the media from contacting jurors or otherwise impede the jury interview process." Complaint (document no. 1), at 17. In its memorandum in support of its motion to amend or alter the judgment (document no. 29-1), the Journal writes: "To be clear, the Journal does not seek injunctive relief and is not asking this Court to direct Judge Vogel to do anything. The Journal is requesting a limited declaration to the effect that, in the absence of a compelling government interest demonstrated by specific, on-the-record factual findings, a judge may not prohibit the press from contacting jurors or otherwise impede the jury interview process after a verdict has been rendered in a criminal case." Id. at 18 (emphasis in the original).

To be clear, the nature of the relief the Journal claims it seeks is not clear. Nevertheless, it seems evident to the court that the declaration desired is intended and phrased in such a way as to be seen as controlling future conduct by the state judge in future cases. But, if the Journal is not seeking prospective relief sounding like an injunction with respect to future conduct, then there is certainly no need to declare rights with respect to the past conduct involved here. If the Journal is seeking prospective relief against the state judge,

however, such relief is inappropriate for all the reasons previously given, and the complaint does not describe a claim warranting discretionary declaratory relief.  See, e.g., Stevens v. Osuna, 877 F.3d 1293, 1308-13 (11th Cir. 2017) (on similar facts, with similar declaratory relief sought, declaratory relief denied on grounds of judicial immunity, declaratory judgment discretion, absence of necessity and usefulness, and comity (separation of powers)).

   The applicable law is reasonably clear with respect to public trials and public access to jurors, and when jurors' identities may be shielded from the public, as well as when access to jurors may and may not be limited.  Future disputes about such matters are better resolved in the context of the particular facts and circumstances in which they arise.  Should the Journal or any other interested party think that access to jurors is being incorrectly impeded in some future case, there are adequate remedies readily available, and capable counsel surely will have an opportunity to seek such relief in a timely fashion.  There is simply no need, and it would be inadvisable, to attempt to fashion some declaration sounding like an injunction that, at best, could only restate the presently applicable law.

4

"By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.  Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, . . . to dismiss an action seeking a declaratory judgment before trial."  DeNovelis v.Shalala, 124 F.3d 298, 313 (1st Cir. 1997) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).

Finally, because the Journal argues extensively that the so-called (by the Journal) "gatekeeper" letter from Judge Vogel to jurors dated April 26, 2018, somehow survived and remains an obstacle to its ability to access the jurors at issue, that point should be addressed.  The pleadings show that the state court's subsequent May 7 and May 16 actions vacated all restrictions on juror access previously imposed by the court, and the parties cannot reasonably dispute that the Journal was free to access the jurors thereafter.  As the defendant points out, the letter speaks for itself, and it does not appear to this court to be an impediment to access, and it certainly was not an impediment after the state court categorically vacated its orders restricting access.  In any event, even that possibility is not sufficient in context to warrant the exercise

of discretion to grant declaratory relief in the form sought by plaintiff.

## CONCLUSION

Taking the facts as pled in the complaint as true, and for the reasons previously given, and discussed here, and included in defendant's memorandum in opposition, granting declaratory relief as sought by plaintiff is unnecessary and would be inappropriate.

The motion to amend or alter judgment (document no. 29) is hereby DENIED.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 24, 2019

cc: Michael J. Grygiel, Esq.
Zachary C. Kleinsasser, Esq.
William E. O'Gara, Esq.
Marc DeSisto, Esq.
Thomas W. Lyons, III, Esq.